UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RALPH TAYLOR,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SERGEANT PRIDE, et al.,<br><br>　　　　Defendants. | Civil Action No. 20-10050 (SDW)<br><br><br>MEMORANDUM OPINION |

**IT APPEARING THAT:**

1. On or about July 2, 2020, Plaintiff Ralph Taylor, a pre-trial detainee currently confined in the Essex County Correctional Facility, filed a civil rights complaint in this matter asserting that he was denied his right to Due Process in relation to a disciplinary charge he received. (ECF No. 1). Plaintiff also filed an application to proceed *in forma pauperis*. (Document 1 attached to ECF No. 1).

2. Having reviewed Plaintiff's application and determined that leave to proceed without prepayment of fees is warranted, Plaintiff's *in forma pauperis* application is granted.

3. Because Plaintiffs will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

1

4. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6. In his complaint, Plaintiff asserts that, while using a tablet to speak with his lawyer on June 16, 2020, he was accused by Defendant Carbone of improperly passing the tablet to another prisoner during his time with the device, which Plaintiff denies having done. (ECF No. 1 at 6-7). The officer ultimately drafted a disciplinary charge against him as a result. (*Id.*). Plaintiff complained to various sergeants about the issue who make up the remaining Defendants, asking that they review camera footage to show that he did not pass the tablet to another, all to no avail. (*Id.*). Plaintiff contends that he was then disciplined without a hearing, notice of the specific charge, or an opportunity to be heard as to the alleged disciplinary charge. (*Id.* at 7). Plaintiff does not detail what discipline he received, and it does not appear from the complaint that he was ever placed into administrative segregation or subjected to any other form of disciplinary unit transfer. (*Id.* at 7-8). Plaintiff does contend, however, that Officer Carbone has also "harassed" Plaintiff and another inmate since they returned to his unit on June 11, 2020, several days prior to the disciplinary charge. (*Id.* at 8). Although Plaintiff asserts this to be retaliatory, he does not detail what actions Carbone took other than that Carbone believes that Plaintiff and this other inmate should not be spending time together. (*Id.*).

7. In his main claim, Plaintiff asserts that he was denied Due Process when he was subjected to "false" disciplinary charges and thereafter "sanctioned" in some unspecified manner without a hearing or opportunity to be heard. The filing of an alleged false disciplinary charge alone does not amount to a violation of a prisoner's civil rights absent some other Due Process violation, such as significant punishment without proper procedural protections. *See, e.g., Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). Thus, notwithstanding the alleged "false" nature of the report, Plaintiff's claim would only state a claim for relief if he could show that he was owed and improperly denied procedural protections in relation to the alleged discipline he

received.  Such Due Process protections, however, will only be triggered where Petitioner has been deprived of a relevant property or liberty interest – i.e. that he was deprived of property as a result of the disciplinary charge or was subjected to a liberty deprivation that was greater than those generally incident to pre-trial detention.  *See Deavers v. Santiago*, 243 F. App'x 719, 721 (3d Cir. 2007); *see also Stevenson v. Carroll*, 495 F.3d 62, 70 (attachment of specific procedural protections is dependent on the liberty interest alleged to have been infringed and entitlement to specific protections cannot be determined absent an analysis of the "substantive liberty" interest in question).  As Plaintiff has not alleged what, if any, liberty or property interest he lost in relation to the alleged disciplinary sanctions, he has failed to show that he had a sufficient interest to require procedural Due Process protections, and he has therefore failed to plead facts sufficient to state a claim for relief under the Due Process clause in relation to the alleged disciplinary infraction.

       8.  In his remaining claim, Plaintiff alleges that Defendant Carbone has "retaliated" against him "for speech" in the form of his complaints regarding the "false" disciplinary charge and that Carbone "harassed" him in relation to his time spent with another inmate.  To the extent that Plaintiff contends that this vaguely asserted "harassment" violates his rights in the absence of some retaliatory action, he is incorrect - the use of slurs, verbal insults, or the like, are insufficient to amount to a constitutional violation in the absence of some further action that amounts to disparate treatment based on a protected characteristic.  *Salley v. Pa. Dep't of Corr.*, 181 F. App'x 258, 266 (3d Cir. 2006); *see also Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir. 1999).  As a stand-alone harassment claim, then, Plaintiff fails to state a claim for relief.  Plaintiff's claim similarly fails as a First Amendment retaliation claim because he has pled facts which clearly show that the alleged mistreatment *predated* Plaintiff's alleged protected speech – Plaintiff's alleged speech was his challenges to the June 16 disciplinary charge, whereas Plaintiff alleges that Carbone's

"harassment" began "ever since" Plaintiff was moved to his current unit on June 11, several days before the tablet incident. Plaintiff has thus failed to plead a cognizable First Amendment retaliation claim insomuch as he has failed to plead facts showing a causal link between his alleged protected speech and the poorly defined "harassment" he received. *See, e.g., Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) (First Amendment retaliation claim requires the pleading of facts showing constitutionally protected conduct, such as speech; *retaliatory* action sufficient to deter a reasonable person from exercising those rights; and a causal link between the *retaliation* and the protected conduct).

      9. As all of Plaintiff's claims fail to state a claim for which relief may be granted, Plaintiff's complaint shall be **DISMISSED WITHOUT PREJUDICE** in its entirety. An appropriate order follows.

Dated: August 7, 2020

                                       *s/Susan D. Wigenton*
                                       Hon. Susan D. Wigenton,
                                       United States District Judge